IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ROBERT JOHN DODD,
    Petitioner,

v.                                                                                                    Civil No. 3:21cv259 (DJN)

HAROLD W. CLARKE,
    Respondent.

**MEMORANDUM OPINION**

Robert John Dodd, a Virginia state prisoner proceeding with counsel, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4)[1] challenging his convictions in the Circuit Court for the County of Chesterfield, Virginia ("Circuit Court"). Specifically, Dodd was convicted in the Circuit Court of three counts of forcible sodomy of a child under the age of thirteen, three counts of taking indecent liberties with a minor while in a custodial relationship and three counts of aggravated sexual battery of a child under the age of thirteen. (ECF No. 4-4, at 1.) Dodd initially contends that he is entitled to relief on the following ground:

> Claim [1(A)]: The state court (Supreme Court of Virginia) erred when it denied Dodd's claim that his Double Jeopardy and Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when he was tried and convicted on indictments that were identical. [Claim 1(B):] The court also erred when it denied Dodd's claim that trial counsel was ineffective under the Sixth Amendment to the United States Constitution for failing to object to the Double Jeopardy and Due Process violations.

(ECF No. 4, at 13.) Because this claim combines two discrete claims for relief, the Court breaks it down to Claims 1(A) and 1(B) as delineated above.

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in the quotations from the parties' submissions. The Court omits the emphasis from any quotations.

In his second claim, Dodd contends that he is entitled to relief upon the following grounds:

> Claim 2: The state court (circuit court and Virginia Court of Appeals) erred when it denied Dodd's claim for a mistrial and that trial counsel was ineffective under the Sixth Amendment to the United States Constitution when he failed to timely object and move for a curative instruction and a mistrial at three instances when highly prejudicial inadmissible evidence was presented and an instance when highly prejudicial and improper argument was presented to the jury. In addition, the cumulative prejudice of these errors resulted in a fundamentally unfair trial.[2]

(*Id.* at 19-20 (footnote number altered).) Claim 2 in its current form defies ready analysis, given the centrality of the doctrines of exhaustion and procedural default for federal habeas review and the restrictions on federal habeas review set forth in 28 U.S.C. § 2254(d). Accordingly, the Court deems Dodd to have raised the following claims for relief in Claim 2:

| | |
|---|---|
| Claim 2(A) | The Court of Appeals of Virginia erred when it denied Dodd's appeal with respect to Dodd's contention that he was entitled to a mistrial based on Cindy Dodd's unsolicited statement regarding her suspicions about Dodd's relationship with a neighborhood boy. (ECF No. 4, at 19-20); |
| Claim 2(B) | Trial counsel performed deficiently by failing to timely move for a mistrial based on Cindy Dodd's comment set forth in Claim 2(A). (*Id.*); |
| Claim 2(C) | Trial counsel performed deficiently by not requesting a mistrial when Cindy Dodd referred to Dodd's brother-in-law as a convicted sex offender. (*Id.* at 20); |
| Claim 2(D) | Trial counsel performed deficiently by failing to object to KD's and Sherry Shrader's reference to Jerry Sandusky. (*Id.* at 21-22.) |
| Claim 2(E) | Trial counsel performed deficiently by failing to object to KD's "inadmissible hearsay that 'they'd always kind of dropped hints or said things, which looking back, I think it was trying to ask me, without asking me.'" (*Id.* at 23.) |

---

[2] Dodd alleges trial counsel was ineffective "when" he failed to object, because he acknowledges at two instances below in the "First Instances of Inadmissible and Prejudicial Evidence — Cindy Dodd's Testimony" trial counsel did object and ask for a curative instruction, but failed to timely request a mistrial and in the other instances detailed below trial counsel failed to object and move for a curative instruction and a mistrial.

2

Claim 2(F)     Trial counsel performed deficiently by failing to object to Sherry Shrader's "self-reported hearsay" statement, "'Kyle when are you going to tell your mom the truth about Robert?'" (*Id.* at 22 (citation omitted)); and,

Claim 2(G)     Trial counsel performed deficiently by failing to object to the prosecutor's reference to Sandusky in closing arguments. (*Id.* at 22-23); and,

Claim 2(H)     Trial counsel performed deficiently by failing to object or otherwise challenge Sherry Shrader's statement that, "after the arrest, we, of course, learned some other things that — other children were living there, other teenagers were living there." (*Id.* at 22.)

Respondent has moved to dismiss on the grounds that: Claim 2(A) is not cognizable on federal habeas or to the extent Dodd seeks to raise a due process claim, the due process claim is procedurally defaulted; Claim 1(A) is procedurally defaulted; and, Dodd's remaining claims lack merit. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

## I.     Applicable Constraints Upon Federal Habeas Review

To obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

In Claim 2(A), Dodd challenges the Circuit Court's and the Court of Appeals' refusal to award him a mistrial with respect to Cindy Dodd's unsolicited statement regarding her suspicions about Dodd's relationship with a neighborhood boy. At trial and on direct appeal, Dodd merely raised this as an issue of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Accordingly, Claim 2(A) fails to provide a cognizable basis for federal habeas corpus relief and the Court will DISMISS it.[3]

Given the deference owed to Virginia courts, where applicable, the Court quotes from the relevant portions of the state court opinions.

## II.   Pertinent Procedural History

The Circuit Court aptly summarized the general procedural history as follows:

> The Petitioner was arrested on January 12, 2013. In March 2013, the Chesterfield Commonwealth's attorney recused themselves from any matters involving the Petitioner to avoid a conflict of interest because Petitioner was separately charged with crimes against a state senator's son. On May 20, 2013, the Commonwealth indicted Petitioner in the County of Chesterfield on three counts of forcible sodomy, three counts of indecent liberties, and three counts of aggravated sexual battery. All of these counts involved Petitioner's step-son [KD]. Craig Cooley represented Petitioner on all of these counts. In December of 2013, Petitioner was acquitted of the charges related to the state senator's son. Then, in December of 2013, Petitioner's brother Timothy Dodd joined Craig Cooley as co-counsel.
>    The Chesterfield Commonwealth's Attorney resumed prosecution of Petitioner's case sometime in early 2014, presumably due to Petitioner's acquittal in the case involving the state senator's son. Petitioner pled not guilty to the crimes against [KD] and was tried by a jury from November 17-19, 2014. The jury found

---

[3]   To the extent Dodd now seeks to bring a federal due process claim based on these facts, such a claim is unexhausted and procedurally defaulted.

4

> Petitioner guilty on all nine counts and set his sentence at 20 years for each sodomy count, 8 years for each aggravated sexual battery count, and 5 years for each indecent liberties count. The Court then suspended 20 years of the sentence, for a total active sentence of 79 years.

(ECF No. 11-4, at 9-10.)

On direct appeal to the Court of Appeals of Virginia, "Dodd claim[ed] the circuit court erred in failing to grant a mistrial after Cindy Dodd's testimony regarding her suspicions of an inappropriate relationship between Dodd and a neighborhood boy." *Dodd v. Commonwealth*, 2016 WL 3659125, at *1 (Va. Ct. App. July 5, 2016). In rejecting that claim, the Court of Appeals of Virginia noted:

> The Commonwealth argues that because Dodd's counsel did not immediately object to Cindy Dodd's unsolicited statements regarding her suspicions about Dodd's relationship with a neighborhood boy, his objection was not timely and was therefore waived. We agree.
> It is well-settled law in Virginia that "if a defendant wishes to take advantage on appeal of some incident he regards as objectionable enough to warrant a mistrial, he must make his motion timely or else be deemed to have waived his objection." *Yeatts v. Commonwealth*, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991). In *Yeatts*, a prosecution witness testified that the defendant had told the witness about his prior convictions. *Id.* at 136, 410 S.E.2d at 263. Defense counsel objected and the trial court sustained the objection. *Id.* at 136, 410 S.E.2d at 264. The direct examination of the witness continued for several additional questions. *Id.* Then, defense counsel advised the trial court that he had a motion for a mistrial. *Id.* at 137, 410 S.E.2d at 264. On appeal, the Supreme Court of Virginia held that the defendant's motion "fail[ed] the test of timeliness" because defense counsel did not make the motion for a mistrial "'when the objectionable words were spoken.'" *Id.* (quoting *Reid v. Baumgardner*, 217 Va. 769, 774, 232 S.E.2d 778, 781 (1977)). *See also Russo v. Commonwealth*, 207 Va. 251, 257, 148 S.E.2d 820, 825 (1966) ("Counsel cannot remain silent when improper argument is made and after the whole argument is concluded and in the absence of the jury successfully move for a mistrial.").
> In this case, after offering unsolicited testimony about her suspicions that Dodd had an "inappropriate relationship" with a neighborhood boy, Cindy Dodd continued to testify and answer several additional questions from the prosecutor before Dodd's counsel ever raised an objection as to the relevance of the testimony. Later, and outside the presence of the jury, Dodd's counsel eventually made a motion for a mistrial based on Cindy Dodd's earlier statement about her suspicions

> of an inappropriate relationship between Dodd and a neighborhood boy.[4] However, Dodd's counsel certainly failed to object "when the objectionable words were spoken." *See Reid*, 217 Va. at 774, 232 S.E.2d at 781. "Timeliness" in objecting may arguably be a more fluid concept in the context of a bench trial where the trial court, in the role of factfinder, can more flexibly filter and disregard improper evidence already admitted. However, in a jury trial, precision in objecting is essential to avoid the need for either a curative instruction at a point when its effect may be diluted by the jury's focus on more recently elicited evidence, or a mistrial that requires the otherwise unnecessary expenditure of additional judicial resources. On the record before us, we hold that Dodd's motion for a mistrial was not timely made and was therefore waived. Accordingly, we also hold that the circuit court did not abuse its discretion in denying Dodd's motion for a mistrial and affirm the judgment of the circuit court.

*Id.* (footnote number altered). Subsequently, the Supreme Court of Virginia refused Dodd's petition for appeal. *Dodd v. Commonwealth*, No. 161146, at 1 (Va. Jan. 30, 2017).

Thereafter, Dodd, with counsel, filed a petition for a writ of habeas corpus with the Circuit Court wherein he raised a version of his present claims, in addition to some other claims that he has now abandoned. (ECF No. 11-4, at 7-8.) The Circuit Court denied the petition for a writ of habeas corpus. (*Id.* at 4.)

Dodd appealed to the Supreme Court of Virginia, raising what is essentially federal habeas Claims 1(A) and 1(B). *Dodd v. Clarke*, 2021 WL 397987, at *1 (Va. Feb. 4, 2021) (footnote omitted) ("On appeal, Dodd contends that his double jeopardy and due process rights were violated when he was tried and convicted on identical indictments and that trial counsel was ineffective for failing to object to the alleged constitutional violations."), *cert. denied*, 141 S. Ct. 2858 (2021). In affirming the Circuit Court, the Supreme Court of Virginia stated:

> "A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." *Morrisette v. Warden of the Sussex I State Prison*, 270 Va. 188, 188 (2005) (quoting *Slayton v. Parrigan*, 215 Va. 27, 29 (1974), *cert.*

---

[4] The Circuit Court denied the motion for a mistrial, but gave a curative instruction to the jury, explaining "there was some testimony about a suspicion that the witness had and that statement is stricken and not to be considered by you . . . you are to ignore that, not regard it any regard (sic) in your decision."

6

> *denied*, 419 U.S. 1108 (1975)). When a petitioner had the opportunity at trial and on direct appeal to raise constitutional issues but failed to do so, the petitioner "lacks standing to raise the claim in a petition for writ of habeas corpus." *Id.* While we recognize that Dodd's double jeopardy and due process arguments could have been raised at trial or on direct appeal, the significant portion of Dodd's appeal consists of his allegation that his trial counsel failed to object to the constitutional violations.
>
> Dodd must prove his ineffective assistance of counsel claim by a preponderance of the evidence by satisfying both parts of the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Jerman v. Director*, 267 Va. 432, 438 (2004). The test requires Dodd to prove that his trial counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.*, and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694.
>
> A reviewing court is not required to determine "whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. To the contrary, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," the reviewing court may address the prejudice prong first. *Id.* In this case, we conclude that Dodd did not suffer prejudice sufficient to undermine confidence in the outcome of the proceedings as a result of trial counsel's failure to object to the alleged due process and double jeopardy violations.

*Id.* at *2 (alterations in original).

### III. Exhaustion and Procedural Default

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92, n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state

remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48 (1999) (explaining the reasoning behind the rule that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The petitioner bears the burden of proving that he has exhausted a claim in accordance with a "state's chosen procedural scheme." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.*

(citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n. 1).[5] The state bears the burden of pleading and proving that a claim is procedurally defaulted. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, the Supreme Court of Virginia refused to review the merits of Claims 1(A) pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Dodd could have raised, but failed to raise, this claim on direct appeal. *Slayton* constitutes adequate and independent procedural rule when so applied. *Mu'Min v. Pruett*, 125 F.3d 192, 196-91 (4th Cir 1997). Further, Dodd fails to demonstrate any cause and prejudice for his default or a fundamental miscarriage of justice to excuse his default.[6] Accordingly, the Court will DISMISS Claim 1(A).

---

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).

[6] Dodd contends that ineffective assistance of counsel constitutes cause to excuse his default of Claim 1(A). The Court rejects that contentions for the reasons set forth below in Part IV.A.

9

### IV. Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Failure to Challenge the Indictments on Double Jeopardy Grounds

In Claim 1(B), Dodd contends that counsel was ineffective for failing to challenge the indictments as violating the Double Jeopardy Clause. In rejecting this claim on collateral appeal, the Supreme Court of Virginia stated:

> Dodd relies on *Valentine v. Kontech*, 395 F.3d 626 (6th Cir. 2005), in which the Sixth Circuit held that the defendant's twenty identical indictments for rape and twenty identical indictments for sexual penetration of a child failed to give the defendant adequate notice of the charges against him or permit him to effectively assert potential double jeopardy violations. *Id.* at 631. The Sixth Circuit upheld only one count of rape and one count of sexual penetration of a child. *Id.* at 634.
> Decisions of the Sixth Circuit, while informational, are not binding on this Court. *See Toghill v. Commonwealth*, 289 Va. 220, 227 (2015) (decisions of federal courts other than the Supreme Court of the United States not conclusive in state court). A petition for a writ of habeas corpus cannot be granted without "clearly established federal law." *See* 28 U.S.C. § 2254(d)(1).

10

> There is no clearly established Supreme Court precedent addressing the constitutionality of multiple identical indictments. Further, Dodd fails to cite to any decisions from this Court, nor are we aware of any, addressing this issue. We hold that trial counsel was not required to make claims based on double jeopardy and due process because they would have likely failed, as no controlling caselaw existed holding that multiple identical indictments violate a defendant's constitutional rights. Therefore, Dodd has failed to prove that he was prejudiced by the inaction of his trial counsel.

*Dodd v. Clarke*, 2021 WL 397987, at *2 (Va. Feb. 4, 2021).

In his federal habeas, Dodd cites *Valentine* and again insists that, "[i]n this case the indictments are not sufficient because the three sodomy indictments are identical carbon copies to each other, the three indecent liberty indictments are identical to each other and the three aggravated sexual battery indictments are identical to each other." (ECF No. 4, at 14.) As explained below, Dodd fails to demonstrate that the Supreme Court of Virginia based its rejection of this claim on an unreasonable determination of the law and facts based on clearly established Supreme Court precedent. Indeed, the Sixth Circuit has retreated from its decision in *Valentine* and conceded that "no Supreme Court case has ever found the use of identically worded and factually indistinguishable [state] indictments unconstitutional." *Coles v. Smith*, 577 F. App'x 502, 507-08 (6th Cir. 2014) (citing *Valentine*, 395 F.3d at 639 (Gilman, J., dissenting)); *see Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) ("As we explained in correcting an identical error by the Sixth Circuit . . . *see Renico*, 559 U.S., at ___ 130 S.Ct., at 1865-1866, circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' 28 U.S.C. § 2254(d)(1). It therefore cannot form the basis for habeas relief under AEDPA.") The decision in *Coles* provides an inciteful discussion as to why Dodd's double jeopardy challenge fails to provide a viable basis for federal habeas relief.

In *Coles*, the jury convicted Coles of 43 counts of rape of his step-daughter ("S.D.") after she turned thirteen. *Id.* at 503. "The rape counts against Coles tracked the statutory elements of

11

the offense, but they did not include particular facts to differentiate one alleged violation from another." *Id.* at 505. On federal habeas Coles argued that "this charging method ... violated his due process right to notice of the charges against him and the right to protection from double jeopardy." *Id.* at 505-06.

Thereafter, the Sixth Circuit provided the following apt summary of the relevant constitutional jurisprudence:

> The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . ." U.S. Const. amend. V. A federal grand jury indictment may use the words of a statute to generally describe the offense, "but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offen[s]e, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18, 94 S. Ct. 2887, 41 L.Ed.2d 590 (1974) (internal quotation marks omitted).
> The Supreme Court has not applied to the States the Fifth Amendment's requirement that all prosecutions begin with a grand jury indictment. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Hurtado v. California*, 110 U.S. 516, 538 (1884); *Williams v. Haviland*, 467 F.3d 527, 531-34 (6th Cir. 2006). The Court has applied the Sixth Amendment to the States through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968); *In re Oliver*, 333 U.S. 257, 273 (1948). The Sixth Amendment provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. Arkansas*, 333 U.S. 196, 201 (1948). A defendant "cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend." *Jackson v. Virginia*, 443 U.S. 307, 314 (1979).
> Under the Fourteenth Amendment, the States are "obliged to observe the prohibition against double jeopardy." *Watson v. Jago*, 558 F.2d 330, 338-39 (6th Cir. 1977) (citing *Benton v. Maryland*, 395 U.S. 784 (1969)). The concept underlying this guarantee is that the State "should not be allowed to make repeated attempts to convict an individual for an alleged offense." *Benton*, 395 U.S. at 796.
> . . . .
> Our inquiry focuses on what was required to inform Coles of the "nature and cause of the accusation." In federal prosecutions where the Fifth Amendment applies, the Supreme Court has instructed that a grand jury indictment must contain the elements of the offense charged, it must sufficiently apprise the defendant of what he must be prepared to meet, and it must accurately demonstrate to what extent

12

he may plead a former acquittal or conviction to avoid double jeopardy if subsequent proceedings are brought against him for a similar offense. *Hamling*, 418 U.S. at 117-18; *Russell v. United States*, 369 U.S. 749, 763-64 (1962). A federal indictment must provide more than conclusions of law; it must "descend to particulars" to inform the defendant of the facts alleged "with reasonable particularity of time, place, and circumstances." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875). Because the Supreme Court has not imposed the Fifth Amendment requirements for federal indictments on state charging instruments, our court has recognized that "there is no constitutional right in a state prosecution to a grand jury indictment with particular specificity." *Williams*, 467 F.3d at 534.

In *Valentine v. Konteh*, 395 F.3d at 631, this court applied *Russell*, *Hamling*, and *Cruikshank* to grant partial § 2254 habeas relief where an Ohio inmate challenged a state indictment similar to the one here. In that case the defendant was charged with sexually abusing his eight-year-old stepdaughter between March 1, 1995 and January 16, 1996. *Id.* at 629. A jury convicted him of "20 'carbon-copy' counts of child rape, each of which was identically worded so that there was no differentiation among the charges and 20 counts of felonious sexual penetration, each of which was identically worded." *Id.* at 628. The prosecution did not "distinguish the factual bases of these charges in the indictment, in the bill of particulars, or even at trial." *Id.* The only evidence of the number of offenses, the court noted, was the testimony of the child victim, "who described typical abuse scenarios and estimated the number of times the abusive offenses occurred, e.g., 'about 20,' 'about 15,' or 'about 10' times." *Id.* This court ruled that the prosecution violated Valentine's rights to adequate notice and protection from double jeopardy, justifying a grant of habeas relief on all counts but two. *Id.* at 631, 639.

The court reasoned that, in "view of the testimony and the indictment language, one of the child rape and one of the penetration counts can be sustained but . . . the others must be set aside." *Id.* at 628. In other words, the court determined that the twenty child-rape counts charged one crime and the twenty penetration counts charged another crime. *Id.* at 629. Under this reasoning, Valentine received notice that he was charged with these two separate crimes during the time period specified in the indictment, *id.* at 628, "[b]ut he had no way to otherwise identify what he was to defend against in the repetitive counts and no way to determine what charges of a similar nature could be brought against him in the future if he were re-indicted." *Id.* at 628-29. Having been charged and convicted for "a generic pattern of abuse rather than for forty separate abusive incidents," the court held Valentine was entitled to partial habeas relief. *Id.* at 634.

The *Valentine* court based its legal reasoning on Supreme Court cases applicable to federal indictments, *Russell*, 369 U.S. at 763-64; *Hamling*, 418 U.S. at 117-18, and a few circuit cases, including *Isaac v. Grider*, 211 F.3d 1269, 2000 WL 571959, at *4 (6th Cir. 2000), *DeVonish v. Keane*, 19 F.3d 107, 108 (2d Cir. 1994), *Fawcett v. Bablitch*, 962 F.2d 617, 618-19 (7th Cir. 1992), and *Parks v. Hargett*, 188 F.3d 519, 1999 WL 157431, at *3 (10th Cir. 1999). Two of those cases, *DeVonish* and *Fawcett*, were decided before AEDPA was enacted in 1996, while *Isaac* and *Parks*—and *Valentine* itself—were decided before the Supreme

> Court issued *Renico* in 2010. In light of Renico's admonition that "clearly established Federal law" means relevant Supreme Court precedent and not circuit court opinions, *see Renico*, 559 U.S. at 778-79, and because "no Supreme Court case has ever found the use of identically worded and factually indistinguishable [state] indictments unconstitutional," *Valentine*, 395 F.3d at 639 (Gilman, J., dissenting), we doubt our authority to rely on our own prior decision — *Valentine* — to "independently authorize habeas relief under AEDPA." *Renico*, 559 U.S. at 779. Rather, Coles must point to a Supreme Court case that would mandate habeas relief in his favor. He has not done so, and consequently, he has not demonstrated that the decision of the Ohio Court of Appeals rejecting his Sixth Amendment claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Renico*, 559 U.S. at 779.

*Id.* at 506-08 (alterations in original) (parallel citations omitted). Accordingly, Dodd fails to demonstrate that he was prejudiced by counsel's failure to challenge his indictments on double jeopardy grounds or that the Supreme Court of Virginia's rejection of Dodd's ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Claim 1(B) will be DISMISSED.

### B. Allegedly Deficient Performance with Respect to Allegedly Objectionable Statements

In Claim 2(B), Dodd faults counsel for failing to timely move for a mistrial based on Cindy Dodd's unsolicited comment regarding Dodd having a relationship with a neighborhood boy. The Court of Appeals of Virginia concluded that the motion for a mistrial had come too late. *Dodd v. Commonwealth*, 2016 WL 3659125, at *1 (Va. Ct. App. July 5, 2016). It is not clear whether the Court of Appeals of Virginia also affirmed the Circuit Court's decision on the merits. Nevertheless, both the Court of Appeals of Virginia and the Circuit Court concluded that, under Virginia law and the facts of the case, Dodd was not entitled a mistrial.

In rejecting this claim on state habeas, the Circuit Court stated:

14

> To begin, defense counsel did move for a mistrial. While perhaps he did not do so in as timely a manner as he should have, his motion for a mistrial did not fall outside the reasonable professional norms and does not rise to the level of failing the first prong of the *Strickland* test. Further, the Court denied the motion for a mistrial and gave a curative instruction to the jury. The decision not to grant a mistrial is left to the sound discretion of a trial court, and as such will not be reversed unless an abuse of discretion has occurred. *See Martinez v. Commonwealth*, 42 Va. App. 9, 27 (2003) (citing *Chang v. Commonwealth*, 240 Va. 26, 40 (1990)). The Court considered . . . the motion for a mistrial as timely and gave the motion much thought. The Court, in its discretion, ruled that the unresponsive testimony from Ms. Dodd did not require a mistrial, and decided that a curative instruction would suffice. This Court then gave a curative instruction. The appellate courts presume that jurors followed a court's instruction, unless the record plainly shows otherwise. *Spencer v. Commonwealth*, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990), *overruled on other grounds by Townsend v. Commonwealth*, 270 Va. 325, 333, 619 S.E.2d 71, 76 (2005). The record in this case does not show that the jurors disregarded the Court's curative instruction. For these reasons, this sub-claim fails on both of the *Strickland* prongs, as Petitioner has failed to show both 1) that counsel's performance was deficient and 2) that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687.

(ECF No. 11-4, at 17; ECF No. 11-5, at 1-3.)

"When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law, . . . a federal court should be especially deferential to a state post-conviction court's interpretation of its own state's law." *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012). That is the case here. Dodd fails to demonstrate that he could have obtained a mistrial if counsel had moved for a mistrial sooner. Moreover, Dodd fails to demonstrate counsel's slight delay was unreasonable and constitutionally deficient. Accordingly, Claim 2(B) will be DISMISSED.

In Claim 2(C), Dodd contends that counsel was deficient when he failed to request a mistrial after Cindy Dodd stated that "'Bob's sister Terry and her convicted sex offender husband'" were present at the sale of the family home." (ECF No. 4, at 20.) In rejecting this claim, the Circuit Court stated:

15

> This statement did not require trial counsel to request a mistrial. Trial Counsel properly objected to the statement and the objection was sustained. The Court then instructed the jury to disregard the statement. Petitioner has failed to show that trial counsel's performance was deficient for failing to request a mistrial. Again, to determine whether trial counsel was deficient, the court must look to "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. Making a timely objection to this gratuitous remark was certainly reasonable as of the time of counsel's conduct. Petitioner has not shown that failing to request a mistrial was imminently unreasonable or was an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant [the Petitioner in this matter] by the Sixth Amendment." *Id.* at 687.

(*Id.*) Dodd fails to demonstrate that counsel's decision to object, rather than move for a mistrial, fell outside the "wide range of reasonable professional assistance." *Burch*, 273 F.3d at 588 (quoting *Strickland*, 466 U.S. at 689). Moreover, Dodd fails to demonstrate any reasonable probability that such a motion would have been granted if made. Accordingly, Claim 2(C) will be DISMISSED.

In Claim 2(D), Dodd contends that trial counsel acted deficiently by failing to object, ask for a curative instruction, and move for a mistrial when the victim and his aunt mentioned Jerry Sandusky. In rejecting this claim, the Circuit Court stated:

> The victim did not compare the Petitioner to Jerry Sandusky. He only mentioned that he was very vocal against sexual abusers when the Sandusky case was featured on the news, and that his family members would show concern for the Petitioner's victim because they had suspicions about Petitioner. Trial Tr. 11/17/2014 at 154. Similarly, [KD's] aunt only testified that she was watching the Sandusky case on the news and was watching Kyle's reactions. She did not compare Petitioner to Sandusky, only explaining the circumstances of [KD's] disclosure. *See* Trial Tr. 11/18/2014, Excerpt of Jury Trial, Test. of Sherry Shrader at 11-12. Again, counsel did not have to request a mistrial as a result of these statements. Nor did counsel need to object to this information. It is reasonable that trial counsel may have decided not to object to this testimony as he may not have wanted to draw attention to it. *See, e.g., Moore v. United States*, 934 F. Supp. 724, 727 (E.D. Va. 1996). Even if trial counsel should have objected to these statements, Petitioner has failed to succeed on the second prong of *Strickland*. Specifically, Petitioner has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Petitioner's victim [KD], his now adult step-son, testified very

16

> specifically as to multiple and graphic acts of sexual violence perpetrated upon him by the Petitioner. The trial consisted of several key witnesses who suggested that they knew that Petitioner was molesting [KD]. Petitioner has failed to show that a failure to object to these off-handed comments about Sandusky shifted the outcome of the trial. For these reasons, Petitioner's third sub-claim fails.

(ECF No. 11-4, at 18-19.) The Circuit Court's rejection of this claim is eminently reasonable. Accordingly, Claim 2(D) will be DISMISSED because Dodd fails to demonstrate deficiency or prejudice.

In a related vein, in Claim 2(G), Dodd asserts that counsel performed deficiently by failing to object to the prosecutor's reference to Sandusky in closing arguments. In rejecting this claim, the Circuit Court noted:

> during closing argument, [the prosecutor] stated, "[a]nd you heard from Sherry as well, that in November of 2011, that when her dad was in the hospital and as they were watching something on the television regarding Jerry Sandusky that she saw [KD's] face and she saw the look come over, saw him looking at the floor, and in her mind she knew." Trial Tr. 11/19/2014 at 48. This argument is fully supported by the evidence presented at trial. *See* Trial Tr. 11/18/2014, Excerpt of Jury Trial, Test. of Sherry Shrader at 11-12. It was perfectly reasonable under *Strickland* for trial counsel not to object to evidence that was clearly in the record. *See, e.g., Elliot v. Warden*, 274 Va. 598, 617 (2007) (holding that trial counsel was not ineffective under *Strickland* for failing to object to argument that constituted a fair comment based on the evidence, including the testimony of the some of the victim's family). Like the trial counsel in *Elliot*, trial counsel for Petitioner was not ineffective under *Strickland* for failing to raise an unreasonable objection.

(ECF No. 11-4, at 20-21 (second alteration in original).) Given that the Circuit Court concluded that the argument was not improper under Virginia law and an objection would have been unreasonable, Dodd fails to demonstrate that counsel performed deficiently. *See Richardson*, 668 F.3d at 141 (applying heightened deference to a state court post-conviction court's interpretation of its own state's law). Accordingly, Claim 2(G) will be DISMISSED.

In Claims 2(E) and 2(F), Dodd faults counsel for failing to object to allegedly inadmissible hearsay statements by the victim and his aunt. Specifically, in Claim 2(E), Dodd

17

asserts that counsel should have objected to KD's statement "that 'they'd always kind of dropped hints or said things, which looking back, I think it was trying to ask me, without asking me.'" (ECF No. 4, at 23.) In Claim 2(F), Dodd contends that counsel should have objected to Sherry Shrader's "self-reported hearsay" statement, "Kyle, when are you going to tell your mom the truth about Robert?" (*Id.* at 22 (citation omitted)).

"Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted." *Clark v. Commonwealth*, 421 S.E. 2d 28, 30 (Va. Ct. App. 1992) (citing *Arnold v. Commonwealth*, 356 S.E.2d 847, 850 (Va. Ct. App. 1987)). "If the court can determine, from the context and from the other evidence in the case, that the evidence is offered for a . . . purpose [other than to establish the truth of the facts asserted], the hearsay rule is no barrier to its admission." *Brown v. Commonwealth*, 475 S.E.2d 836, 839 (Va. Ct. App. 1996) (alteration in original) (citing *Manetta v. Commonwealth*, 340 S.E.2d 828, 830 (Va. Ct. App. 1986)). Dodd fails to direct the Court to relevant precedent that demonstrates that two challenged statements are inadmissible hearsay under Virginia law. Indeed, Dodd fails to explain how Sherry Shrader's recounting of her own prior question to Robert would constitute hearsay. *See Parks v. Commonwealth*, 2000 WL 1145219, at *4 (Va. Ct. App. Aug. 15, 2000) ("Hearsay is 'primarily testimony which consists [of] a narration by one person of matters told him by another.'" (alteration in original) (quoting *Williams v. Morris*, 105 S.E.2d 829, 832 (Va. 1958))). Relatedly, it is not clear that KD's statement regarding his family members was offered to prove that he was abused, but rather to provide context for when and why he told family members he was a victim of abuse. *See id.* (observing that "[i]f the declaration is offered solely to show that it was uttered, without regard to the truth or falsity of its content, the declaration is not excluded by the hearsay rule." (quoting *Speller v.*

18

*Commonwealth*, 345 S.E.2d 542, 548 (Va. Ct. App. 1986))). More to the point, Petitioner fails to demonstrate that counsel acted unreasonably in failing to make a hearsay objection to either of the above statements. Furthermore, Dodd fails to demonstrate a reasonable probability that he would have been acquitted or granted a mistrial had counsel made an objection. Accordingly, Claims 2(E) and 2(F) will be DISMISSED.

In Claim 2(H), Dodd faults counsel for failing to object or otherwise challenge Sherry Shrader's statement that, "after the arrest, we, of course, learned some other things that — other children were living there, other teenagers were living there." (ECF No. 4, at 22.) On state habeas, counsel explained,

> there were other teenagers living at Mr. Dodd's residence and there were underage persons frequenting the home for parties. In the two previous trials (both acquittals), a number of witnesses who had been juveniles at the time of their overnight stays at the home had testified. I can not recall if any of the teenagers who did live with Mr. Dodd had lived there before they achieved age 18. Certainly [KD's] sisters, Kayla and Katie did.

(ECF No. 11–6 ¶ 9.) Given the number of teenagers and other folks frequenting Mr. Dodd's home around the time of his arrest, it was eminently reasonable for counsel to decline to object or otherwise draw attention to these circumstances. Accordingly, Claim 2(H) will be DISMISSED because Dodd fails to demonstrate counsel performed deficiently.

Finally, Dodd contends that the cumulative effective of counsel's errors resulted in prejudice. Dodd's attempt to demonstrate cumulative prejudice fails as none of counsel's actions described in Claims 2(A) through 2(H) were constitutionally deficient. *See Fisher v. Angelone*, 163 F.3d 835, 853 (4th Cir. 1998) ("[A]n attorney's acts or omissions 'that are not unconstitutional individually cannot be added together to create a constitutional violation.'" (quoting *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996))).

19

## V. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. Dodd's claims will be DISMISSED. Dodd's § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[7]

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: August 22, 2022

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893-4 (1983)). Dodd fails to meet this standard.